Bruce Orman, Pro se,
1149 Thistlewood Avenue
Chula Vista, California 91913
(619) 961-7875

FILED
2008 MAY 28  PM 4:08

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ CMA DEPUTY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Bruce W. Orman, Plaintiff, vs. DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A., MIDLAND MORTGAGE CO. and QUALITY LOAN SERVICE CORP., Defendants. | CASE NO. '08 CV 0943 J NLS VERIFIED COMPLAINT AND MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER |

VERIFIED COMPLAINT

AND MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER

VERIFIED COMPLAINT AND MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER

COME NOW the Plaintiff, BRUCE W. ORMAN, pro-se, and sues Defendants DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A. (hereinafter "Downey"), MIDLAND MORTGAGE CO. (hereinafter "Midland"), and QUALITY LOAN SERVICE CORP. (hereinafter "Quality") and as grounds therefore would state as follows:

PRELIMINARY STATEMENT

1.

1. This Complaint is filed under the Truth in Lending Act,

15 U.S.C. section 1601 hereinafter called the "Act") to enforce plaintiff's right to rescind a consumer credit transaction, to void the Defendant's security interest in the Plaintiff's home, and to recover statutory damages, reasonable fees and costs by reason of the Defendant's violations of the Act and Regulation Z, 12 C.F.R. section 226 (hereinafter called "Regulation Z"). Plaintiff also seeks damages for Defendant's violation of state law.

## JURISDICTION

2.

Jurisdiction is conferred on this Court by 15 U.S.C. section 1640 (e) and 28 U.S.C. sections 1331, 1337. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. section 2201.

## PARTIES

3.

The Plaintiff, BRUCE W. ORMAN, is a natural person residing at 1149 Thistlewood Avenue, Chula Vista, California 91913.

4.

Defendant Downey is a Federal Savings and Loan engaged in the business of mortgage financing and doing business in San Diego, County, California.

5.

Defendant Midland, is a corporation engaged in the business of the servicing of mortgage loans and doing business in San Diego County, California.

6.

Defendant Quality is a corporation engaged in business and doing business in San Diego County, California.

7.

At all times material hereto, the Defendants, in the ordinary course of its business, regularly extended, or offered to extend, consumer credit, for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

FACTUAL ALLEGATIONS

8.

On or about November 28, 2005, Plaintiff entered into a consumer credit transaction ("the transaction") with Defendants in which the extended consumer credit was subject to a finance charge and which was initially payable to the Defendants.

9.

A true and correct copy of the credit agreement evidencing the transaction is attached hereto, marked as PLAINTIFF'S EXHIBIT A, and by reference is incorporated herein.

10.

As part of this consumer credit transaction, the Defendants retained a security interest in 1149 Thistlewood Avenue, Chula Vista, California, 91913, which is Plaintiff's home.

11.

The security interest was not created to finance the acquisition or initial construction of Plaintiff's home.

12.

A true and correct copy of the mortgage evidencing the Defendant's security interest is attached hereto, marked PLAINTIFF'S EXHIBIT B, and by reference is incorporated herein.

FIRST CAUSE OF ACTION

13.

This consumer credit transaction was subject to the Plaintiff's right of rescission as described by 15 U.S.C. section 1635 and Regulation Z, 12 C.F.R. section 226.23.

14.

In the course of the consumer credit transaction Defendants violated 15 U.S.C. Section 1635 (a) and Regulation Z section 226.23 (b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that:

   a. Identified the transaction.

   b. Clearly and conspicuously disclosed the security interest in the Plaintiff's home.

   c. Clearly and conspicuously disclosed the Plaintiff's right to rescind the transaction.

   d. Clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form

      for that purpose designating the address of Defendant's place of business.

  e. Clearly and conspicuously disclosed the effects of the transaction.

  f. Clearly and conspicuously disclosed the date the rescission period expired.

  g. The Notice of the Right to Cancel was dated November 16, 2005, and no new or updated Notice was given prior to the re-scheduled closing which occurred November 28, 2005, and which by law Plaintiff had a right to rescind within three days after the re-scheduled closing date of November 28, 2005. As such a proper Notice of Right to Cancel was never given. Attached as Plaintiff's Exhibit "C" is a copy of the Notice of Right to Cancel dated November 16, 2005.

15.

The disclosure statement issued in conjunction with this consumer credit transaction, violated the requirements of Truth in Lending and Regulation Z in the following and other respects:

  a. By failing to include in the finance charge certain charges imposed by the Defendant payable by Plaintiff incident to the extension of credit as required by 15 U.S.C. section 1605 and Regulation Z,

section 226.4, thus improperly disclosing the finance charge in violation of 15 USC section 1638 (a) (3) and Regulation Z section 226.18 (d). Such amounts include, but are not limited to

    i. The broker fee.

    ii. The credit report fee, which is not a bona fide and reasonable fee.

    iii. The recording fees in excess of the actual recording fee which are therefore not a "bona fide and reasonable" fee.

    iv. The settlement or Closing fee.

b. By improperly including certain charges, in the amount financed, which are finance charges, including but not limited to those itemized in Paragraph 12 (a) herein, the Defendant improperly disclosed the amount financed in violation of 15 U.S.C. section 1638 (a) (2) and Regulation Z, section 226.18 (b); and

c. By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. section 1606, Regulation Z, section 226.22, the

Defendant understated the disclosed annual percentage rate in violation of 15 U.S.C. section 1638 (a) (4) and Regulation Z, section 226.18 (c).

16.

The disclosures improperly made by Defendants as itemized in paragraph 14 are material disclosures as defined in the Truth in Lending Act, 15 U.S.C. section 1602 (u), Regulation Z226.23 n. 48.

17.

The finance charge and APR were underdisclosed by more that the tolerance levels set forth in U.S.C. section 1635 (f).

18.

By reason of the material violations of 15 U.S.C. section 1638, Plaintiff has a right of rescission for three years from the date of consummation of the loan pursuant to U.S.C. (f).

19.

Plaintiff rescinded the transaction by sending to Defendants at their business address by mail a notice of rescission.

20.

More than 20 calendar days have passed and Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under this transaction, including the security interest describe as required by 15 U.S.C. section 1635 (b) and Regulation Z section 226.23 (d) (2).

21.

The Defendants have failed to return to the Plaintiff any money or property given by the Plaintiff to anyone, including the Defendants, as required by 15 U.S.C. 1635 (b) and Regulation Z 226.23 (d) (2).

22.

As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. sections 1635 (a), 1640 (a), and 1641 (c), Defendants are liable to Plaintiff for:

    a. Rescission of this transaction.

    b. Termination of any security interest in Plaintiff's property created under the transaction

    c. Return of any money or property given by the Plaintiff to anyone including the Defendant, in connection with this transaction.

    d. Statutory damages for disclosure violations.

    e. Statutory damages for failure to respond properly to Plaintiff's rescission notice.

    f. Forefeiture of return of loan proceeds.

    g. Actual damages in an account to be determined at trial.

    h. Costs of this action.

PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court:

1. Assume jurisdiction of this case.
2. Declare the security interest in Plaintiff's home void.
3. Rescind the subject loan transaction.
4. Order Defendants to take all action necessary to terminate any security interest in Plaintiff's property created under the transaction and that the Court declare all such security interest void, including but not limited to the mortgage related to the subject transaction.
5. Order the return to the Plaintiff of any money or property given by the Plaintiff to anyone, including Defendants, in connection with the transaction.
6. Enjoin Defendants, during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiff's property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiff of ownership of the property.
7. Award the Plaintiff statutory damages for the disclosure violation, in the amount of twice the finance charge in connection with this transaction, but not less than $200

or more than $2,000 as provided under 15 U.S.C. section 1640 (a).;

8. Award the Plaintiff statutory damages for Defendant's failure to respond properly to the Plaintiff's rescission notice, in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under 15 U.S.C. 1640 (a).

9. Order that, because of Defendant's failure to respond to the Plaintiff's notice of rescission, the Plaintiff has no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of all of the Plaintiff's claims, and order the Defendant to accept tender on reasonable terms and over a reasonable period of time;

10. Award actual damages in an amount to be established at trial;

11. Award Plaintiff costs

12. Award such other and further relief as the Court deems just and proper.

**VERIFICATION**

Plaintiff/Affiant declares that he has read the foregoing Verified Complaint and under penalty of perjury that the foregoing facts and allegations as contained therein are true and correct.

Bruce W. Orman, Plaintiff
Pro Se
1149 Thistlewood Avenue
Chula Vista, California 91913
(619) 961-7875

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Bruce W. Orman

### DEFENDANTS
Downey Savings and Loan Association, F.A.; Midland Mortgage Co. and Quality Loan Service Corp.,

(b) County of Residence of First Listed Plaintiff   San Diego County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego County
(IN U.S. PLAINTIFF CASES ONLY) CALIFORNIA
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.
BY _____KNH_____ DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
Bruce W. Orman
1149 Thistlewood Ave. Chula Vista, CA 91913 (619) 961-7875

Attorneys (If Known)
**08 CV 0943 J NLS**

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☒ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☒ 290 All Other Real Property  BWO | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1601
Brief description of cause:
TILA Violation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  05/28/2008
SIGNATURE OF ATTORNEY OF RECORD  /s/ Bruce W. Orman

**FOR OFFICE USE ONLY**
RECEIPT # 151328   AMOUNT $350—   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____
AB 05/28/08



```
           UNITED STATES
           DISTRICT COURT
        SOUTHERN DISTRICT OF CALIFORNIA
              SAN DIEGO DIVISION

          # 151328      - MB

             May 28, 2008
              16:11:15


           Civ Fil Non-Pris
    USAO #.: 08CV0943
    Judge..: NAPOLEON A JONES, JR
    Amount.:                  $350.00 CK
    Check#.: PC95



        Total->   $350.00


    FROM: BRUCE ORMAN VS
          DOWNEY SAVINGS & LOAN ASSOC,
          ET AL
```