**McCARTHY & HOLTHUS, LLP**
Daniel J. Goulding, Esq. (SBN: 120561)
Matthew Podmenik, Esq. (SBN: 219364)
David C. Scott, Esq. (SBN: 225893)
1770 Fourth Avenue
San Diego, CA 92101
Telephone:     (619) 243-3964
Facsimile:     (619) 685-4811
Attorneys for Defendant,
Midland Mortgage Co.

# UNITED STATES DISTRICT COURT

## IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bruce W. Orman, <br>                                Plaintiff, <br> v. <br> Downey Savings and Loan Association et al., <br>                             Defendants. | Case No. 08CV0943JNLS <br><br> **MIDLAND MORTGAGE CO.'S OPPOSITION TO PLAINTIFF'S REQUEST FOR A RESTRAINING ORDER** <br><br> Date: 6/06/2008 <br> Time: 1:30 p.m. <br> Crtrm.: 10 |

**COMES NOW**, MIDLAND MORTGAGE CO. ("Midland") by and through their attorney of record, Daniel Goulding, Esq. of the law firm of McCarthy & Holthus, LLP, who herein opposes Plaintiff's request for a temporary restraining order as follows:

## I.    INTRODUCTION

Plaintiff obtained a loan in the amount of $425,000.00 from Defendant, Downey Savings and Loan Association ("Downey") on or about November 2005. See Complaint ¶ 8. The loan paid off two existing Deeds of Trust and generated cash to Plaintiff at the close of escrow. Downey recorded a Deed of Trust on real property commonly known as 1149 Thistlewood Ave., San Diego, California, to secure the loan. Midland services the loan for the beneficiary of the Deed of Trust and Quality Loan Service, Corp. ("Quality") is the trustee of the Deed of Trust. See Request for Judicial Notice #1. Midland has directed Quality to institute a trustee's sale, which is currently set for June 12, 2008. See Request for Judicial Notice #2.

///

L:\Word Legacy Documents\Templates\Civil\CA Answer.doc

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

**II.    POINTS AND AUTHORITIES**

Plaintiff seeks relief under the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. His complaint alleges that two copies of a notice of the right to rescind were not provided to him. Complaint ¶ 14. Plaintiff's complaint goes on to allege that a copy of the notice of right to rescind was provided to him and is attached to the complaint as Exhibit "C." There is no Exhibit "C" to the complaint. Plaintiff finally alleges that he exercised his right to rescind and that "Defendants" have not responded. Complaint ¶20. A copy of the notice of right to rescind that Plaintiff purportedly sent to "Defendants" was not attached to the complaint.

A.    THE REQUESTED RESTRAINING ORDER IS UNEQUITABLE

Plaintiff claims that his request should be granted without Defendants being heard, as there is no time for Defendants to be heard. When deciding to issue a temporary restraining order the court must be mindful of equitable considerations. *Apache Survival Coalition v. United States*, 118 F.3d 663, 665 (9th Cir. 1997). In *Apache Survival Coalition v. United States,* the court of appeals affirmed the trial court's denial of the temporary restraining order on the basis of the equitable doctrine of laches. Plaintiff has waited to nearly the last possible hour to seek his request and asks this court to do so without hearing from the Defendants but provides no explanation as to why he waited to this late time.

Plaintiff has no equity in the property. Plaintiff claims that if the trustee sale precedes that he will lose his equity in the property. Petition ¶4. This is simply not the case as there are numerous encumbrances against the property: Downey's Deed of Trust that had an original amount of $425,000.00; Washington Mutual Bank's Deed of Trust that had an original amount of $60,000.00; and a lien by US Attorney for $25,000.00. See declaration of Daniel Goulding, Esq. Exhibit "A". Midland has obtained a broker's price opinion that the property's fair market value is between $345,000.00 to $355,000.00. See declaration of Daniel Goulding, Esq. Exhibit "A". Thus, there is no equity in the property as it is over secured by $165,000.00.

///

///

///

L:\Word Legacy Documents\Templates\Civil\CA Answer.doc

**B.    IF THE COURT FINDS THAT PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER, THE COURT SHOULD REQUIRE SECURITY**

Federal Rule of Civil Procedure § 65 states in pertinent part:

> "...(c) Security. The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained..."

Plaintiff's motion requested that a bond not be required because he is not capable of providing "a bond of any kind or type." Motion ¶4. Midland respectfully requests that this court exercise its discretion and require Plaintiff to provide security upon the granting of the requested restraining order.

The purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm before a preliminary injunction may be held. *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). Until Plaintiff prevails on his claims, the status quo requires him to make his payments under the promissory note and Deed of Trust. Midland suggests that in order to maintain the status quo, at a minimum, Plaintiff should be required to post a bond in the amount that would bring the loan current and pay into the court's registry his ongoing monthly payments as they accrue. Currently, Plaintiff is $25,977.26 in default and his monthly payment is $3,080.09. The ongoing monthly payments are subject to rate changes and would change every six months but are anticipated to be approximately $3,000.00 for the next six months.

**III.    CONCLUSION**

For all of above stated reasons, Midland respectfully requests that this court deny Plaintiff's request for a temporary restraining order or condition it upon Plaintiff providing adequate security.

Dated: June 4, 2008

Respectfully Submitted,
McCarthy & Holthus, LLP

By:    /s/ Daniel Goulding
Daniel Goulding, Esq.
Attorney for Midland

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810

L:\Word Legacy Documents\Templates\Civil\CA Answer.doc