**McCARTHY & HOLTHUS, LLP**
Daniel J. Goulding, Esq. (SBN: 120561)
Matthew Podmenik, Esq. (SBN: 219364)
David C. Scott, Esq. (SBN: 225893)
1770 Fourth Avenue
San Diego, CA 92101
Telephone:  (619) 243-3964
Facsimile:  (619) 685-4811
Attorneys for Defendant,
Midland Mortgage Co.

UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| Bruce W. Orman, Plaintiff, v. Downey Savings and Loan Association et al., Defendants. | Case No. 08CV0943JNLS<br><br>**DECLARATION OF DANIEL GOULDING, ESQ.**<br><br>Date: 6/06/2008<br>Time: 1:30 p.m.<br>Crtrm.: 10 |
|---|---|

I, Daniel Goulding, Esq., declare:

1.  As to the following facts, I know them be true of my own personal knowledge, and if called upon to testify in this action, I could and would testify competently thereto.

2.  I am the civil litigation manger and senior associate with the law firm of McCarthy & Holthus, attorneys of record for Defendant, Midland and I am licensed to practice in all Courts in the State of California.

3.  Attached hereto as Exhibit "A" is a true and correct copy of Midland's Trustee Sale Guarantee which is a form of title insurance obtained for the trustee's sale and identifies the recorded interest in the property.

4.  Attached hereto as Exhibit "B" is a true and correct copy of Midland's Broker Price Opinion of the property.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this June 4, 2008, at San Diego, California.

By: /s/ Daniel Goulding
Daniel Goulding, Esq.

1
**DECLARATION**

**EXHIBIT "A"**

*TRUSTEE'S SALE GUARANTEE*

# CHICAGO TITLE INSURANCE COMPANY

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE LIMITS OF LIABILITY AND THE OTHER PROVISIONS OF THE CONDITIONS AND STIPULATIONS, CHICAGO TITLE INSURANCE COMPANY, a Missouri corporation, herein called the Company, guarantees the Assured, against loss not exceeding the liability amount stated in Schedule A which the Assured shall sustain by reason of any incorrectness in the assurance which the Company hereby gives that, according to the public records, on the date stated in Schedule A.

1. The title to the herein described estate or interest was vested in the vestee named, subject to the matters shown as Exceptions herein, which Exceptions are not necessarily shown in the order of their priority;

2. The names and addresses of persons who have recorded requests, as provided by section 2924b (a) and (d) of the Civil Code, for a copy of notice of default and for a copy of notice of sale are as shown herein;

3. The names and addresses of additional persons who, as provided by section 2924b (c) (1) and (2) of the Civil Code, are entitled to received a copy of the notice of default and a copy of the notice of sale are shown herein:

4. The names and addresses of state taxing agencies which, as provided by section 2924b (c) (3) of the Civil Code, are entitled to receive a copy of the notice of sale are as shown herein;

5. The herein described land is located in the city or judicial district state herein and, if designated, the newspaper or newspapers listed herein qualify for publication of notice pursuant to section 2924f of the Civil Code.

*In Witness Whereof,* CHICAGO TITLE INSURANCE COMPANY has caused this Guarantee to be signed and sealed as of the effective date, the Guarantee to become valid when countersigned by the authorized signatory.

CHICAGO TITLE INSURANCE COMPANY

By: _____ President

ATTEST: _____ Secretary

Susan B. Falcetti
Authorized Signatory

## CONDITIONS AND STIPULATIONS

1. **Definition of Terms**
   The following terms when used in the Guarantee mean:
   (a) "the Assured": the party or parties named as the Assured in this Guarantee, or on a supplemental writing executed by the Company.
   (b) "land": the land described or referred to in Schedule (A)(C) or in Part 2, and improvements affixed thereto which by law constitute real property. The term "land" does not include any property beyond the lines of the area described or referred to in Schedule (A)(C) or in Part 2, nor any right, title, interest, estate or easement in abutting streets, roads, avenues, alleys, lanes, ways or waterways.
   (c) "mortgage": mortgage, deed of trust, trust deed, or other security instrument.
   (d) "public records": records established under state statutes at Date of Guarantee for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge.
   (e) "date": the effective date.

2. **Exclusions from Coverage of this Guarantee**
   The Company assumes no liability for loss or damage by reason of the following:
   (a) Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records
   (b) (1) Unpatented mining claims; (2) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (3) water rights-claims or title to water; whether or not the matters excluded by (1), (2) or (3) are shown by the public records.
   (c) Assurances to title to any property beyond the lines of the land expressly described in the description set forth in Schedule (A)(C) or in part 2 of this Guarantee, or Title to streets, roads, avenues, lanes, ways or waterways on which such land abuts, or the right to maintain therein vaults, tunnels, ramps or any other structure or improvement; or any rights or easements therein unless such property, rights or easements are expressly and specifically set forth in said description.
   (d) (1) Defects, liens, encumbrances or adverse claims against the title, if assurances are provided as to such title, and as limited by such assurances.
   (2) Defects, liens, encumbrances, adverse claims or other matters (a) whether or not shown by the public records, and which are created, suffered, assumed or agreed to by one or more of the Assureds; (b) which result in no loss to the Assured; or (c) which do not result in the invalidity or potential invalidity of any judicial or non-judicial proceeding which is within the scope and purpose of assurances provided.

3. **Notice of Claim to be Given by Assured Claimant**
   An Assured shall notify the Company promptly in writing in case knowledge shall come to an Assured hereunder of any claim of title or interest which is adverse to the title to the estate or interest, as stated herein, and which might cause loss or damage for which the Company may be liable by virtue of this Guarantee. If prompt notice shall not be given to the Company, then all liability of the Company shall terminate with regard to the matter or matters for which prompt notice is required; provided, however, that failure to notify the Company shall in no case prejudice the rights of any Assured under this Guarantee unless the Company shall be prejudiced by the failure and then only to the extent of the prejudice.

4. **No Duty to Defend or Prosecute**
   The Company shall have no duty to defend or prosecute any action or proceeding to which the Assured is a party, notwithstanding the nature of any allegation in such action or proceeding.

5. **Company's Option to Defend or Prosecute Actions;**
   **Duty of Assured Claimant to Cooperate**
   Even though the Company has no duty to defend or prosecute as set forth in Paragraph 4 above:
   (a) The Company shall have the right, at its sole option and cost, to institute and prosecute any action or proceeding, interpose a defense, as limited in (b), or to do any other act which in its opinion may be necessary or desirable to establish the title to the estate or interest as stated herein, or to establish the lien rights of the Assured, or to prevent or reduce loss or damage to the Assured. The Company may take any appropriate action under the terms of this Guarantee whether or not it shall be liable hereunder, and shall not thereby concede liability or waive any provision of this Guarantee. If the Company shall exercise its rights under this paragraph, it shall do so diligently.
   (b) If the Company elects to exercise its options as stated in Paragraph 5(a) the Company shall have the right to select counsel of its choice (subject to the right of such Assured to object for reasonable cause) to represent the Assured and shall not be liable for and will not pay the fees of any other counsel, nor will the Company pay any fees, costs or expenses incurred by an Assured in the defense of those causes of action which allege matters not covered by this Guarantee.
   (c) Whenever the Company shall have brought an action or interposed a defense as permitted by the provisions of this Guarantee, the Company may pursue any litigation to final determination by a court of competent jurisdiction and expressly reserves the right, in its sole discretion, to appeal from an adverse judgment or order.
   (d) In all cases where this Guarantee permits the Company to prosecute or provide for the defense of any action or proceeding, an Assured shall secure to the Company the right to so prosecute or provide for the defense of any action or proceeding, and all appeals therein, and permit the Company to use, at its option, the name of such Assured for this purpose. Whenever requested by the Company, an Assured, at the Company's expense, shall give the Company all reasonable aid in any action or proceeding, securing evidence, obtaining witnesses, prosecuting or defending the action or lawful act which in the opinion of the Company may be necessary or desirable to establish the title to the estate or interest as stated herein, or to establish the lien rights of the Assured. If the Company is prejudiced by the failure of the Assured to furnish the required cooperation, the Company's obligations to the Assured under the Guarantee shall terminate.

6. **Proof of Loss or Damage**
   In addition to and after the notices required under Section 3 of these Conditions and Stipulations have been provided to the Company, a proof of loss or damage signed and sworn to by the Assured shall be furnished to the Company within ninety (90) days after the Assured shall ascertain the facts giving rise to the loss or damage. The proof of loss or damage shall describe the matters covered by this Guarantee which constitute the basis of loss or damage and shall state, to the extent possible, the basis of calculating the amount of the loss or damage. If the Company is prejudiced by the failure of the Assured to provide the required proof of loss or damage, the Company's obligation to such Assured under the Guarantee shall terminate. In addition, the Assured may reasonably be required to submit to examination under oath by any authorized representative of the Company and shall produce for examination, inspection and copying, at such reasonable times and places as may be designated by any authorized representative of the Company, all records, books, ledgers, checks, correspondence and memoranda, whether bearing a date before or after Date of Guarantee, which reasonably pertain to the loss or damage. Further, if requested by any authorized representative of the Company, the Assured shall grant its permission, in writing, for any authorized representative of the Company to examine, inspect and copy all records, books, ledgers, checks, correspondence and memoranda in the custody or control of a third party, which reasonably pertain to the loss or damage. All information designated as confidential by the Assured provided to the Company pursuant to this Section shall not be disclosed to others unless, in the reasonable judgment of the Company, it is necessary in the administration of the claim. Failure of the Assured to submit for examination under oath, produce other reasonably requested information or grant permission to secure reasonably necessary information from third parties as required in the above paragraph, unless prohibited by law or governmental regulation, shall terminate any liability of the Company under this Guarantee to the Assured for that claim.

7. **Options to Pay or Otherwise Settle Claims:**
   **Termination of Liability**
   In case of a claim under this Guarantee, the Company shall have the following additional options:
   (a) To Pay or Tender Payment of the Amount of Liability or to Purchase the Indebtedness
   The Company shall have the option to pay or settle or compromise for or in the name of the Assured any claim which could result in loss to the Assured within the coverage of this Guarantee, or to pay the full amount of this Guarantee or, if this Guarantee is issued for the benefit of a holder of a mortgage or a lienholder, the Company shall have the option to purchase

the indebtedness secured by said mortgage or said lien for the amount owing thereon, together with any costs, reasonable attorneys' fees and expenses incurred by the Assured claimant which were authorized by the Company up to the time of purchase.

Such purchase, payment or tender of payment of the full amount of the Guarantee shall terminate all liability of the Company hereunder. In the event after notice of claim has been given to the Company by the Assured the Company offers to purchase said indebtedness, the owner of such indebtedness shall transfer and assign said indebtedness, together with any collateral security, to the Company upon payment of the purchase price.

Upon the exercise by the Company of the option provided for in Paragraph (a) the Company's obligation to the Assured under this Guarantee for the claimed loss or damage, other than to make the payment required in that paragraph, shall terminate, including any obligation to continue the defense or prosecution of any litigation for which the Company has exercised its options under Paragraph 5, and the Guarantee shall be surrendered to the Company for cancellation.

(b) To Pay or Otherwise Settle With Parties Other Than the Assured or With the Assured Claimant.

To pay or otherwise settle with other parties for or in the name of an Assured claimant any claim assured against under this Guarantee, together with any costs, attorneys' fees and expenses incurred by the Assured claimant which were authorized by the Company up to the time of payment and which the Company is obligated to pay.

Upon the exercise by the Company of the option provided for in Paragraph (b) the Company's obligation to the Assured under this Guarantee for the claimed loss or damage, other than to make the payment required in that paragraph, shall terminate, including any obligation to continue the defense or prosecution of any litigation for which the Company has exercised its options under Paragraph 5.

8. **Determination and Extent of Liability**

This Guarantee is a contract of indemnity against actual monetary loss or damage sustained or incurred by the Assured claimant who has suffered loss or damage by reason of reliance upon the assurance set forth in this Guarantee and only to the extent herein described, and subject to the exclusions stated in Paragraph 2.

The liability of the Company under this Guarantee to the Assured shall not exceed the least of:
(a) the amount of liability stated in Schedule A;
(b) the amount of the unpaid principal indebtedness secured by the mortgage of an Assured mortgagee, as limited or provided under Section 7 of these Conditions and Stipulations or as reduced under Section 10 of these Conditions and Stipulations, at the time the loss or damage assured against by this Guarantee occurs, together with interest thereon; or
(c) The difference between the value of the estate or interest covered hereby as stated herein and the value of the estate or interest subject to any defect, lien or encumbrance assured against by this Guarantee.

9. **Limitation of Liability**
(a) If the Company establishes the title, or removes the alleged defect, lien or encumbrance, or cures any other matter assured against by this Guarantee in a reasonably diligent manner by any method, including litigation and the completion of any appeals therefrom, it shall have fully performed its obligations with respect to that matter and shall not be liable for any loss or damage caused thereby.
(b) In the event of any litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title, as stated herein.
(c) The Company shall not be liable for loss or damage to any Assured for liability voluntarily assumed by the Assured in settling any claim or suit without the prior written consent of the Company.

10. **Reduction of Liability or Termination of Liability**

All payments under this Guarantee, except payments made for costs, attorneys' fees and expenses pursuant to paragraph 5 shall reduce the amount of liability pro tanto.

11. **Payment of Loss**
(a) No payment shall be made without producing this Guarantee for endorsement of the payment unless the Guarantee has been lost or destroyed, in which case proof of loss or destruction shall be furnished to the satisfaction of the Company.
(b) When liability and the extent of loss or damage has been definitely fixed in accordance with these Conditions and Stipulations, the loss or damage shall be payable within thirty (30) days thereafter.

12. **Subrogation Upon Payment or Settlement**

Whenever the Company shall have settled and paid a claim under this Guarantee, all right of subrogation shall vest in the company unaffected by any act of the Assured claimant.

The Company shall be subrogated to and be entitled to all rights and remedies which the Assured would have had against any person or property in respect to the claim had this Guarantee not been issued. If requested by the Company, the Assured shall transfer to the Company all rights and remedies against any person or property necessary in order to perfect this right of subrogation. The Assured shall permit the Company to sue, compromise or settle in the name of the Assured and to use the name of the Assured in any transaction or litigation involving these rights or remedies.

If a payment on account of a claim does not fully cover the loss of the Assured the Company shall be subrogated to all rights and remedies of the Assured after the Assured shall have recovered its principal, interest, and costs of collection.

13. **Arbitration**

Unless prohibited by applicable law, either the Company or the Assured may demand arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the Assured arising out of or relating to this Guarantee, any service of the Company in connection with its issuance or the breach of a Guarantee provision or other obligation. All arbitrable matters when the Amount of Liability is $1,000,000 or less shall be arbitrated at the option of either the Company or the Assured. All arbitrable matters when the amount of liability is in excess of $1,000,000 shall be arbitrated only when agreed to by both the Company and the Assured. The Rules in effect at Date of Guarantee shall be binding upon the parties. The award may include attorneys' fees only if the laws of the state in which the land is located permits a court to award attorneys' fees to a prevailing party. Judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof.

The law of the situs of the land shall apply to an arbitration under the Title Insurance Arbitration Rules.

A copy of the Rules may be obtained from the Company upon request.

14. **Liability Limited to This Guarantee; Guarantee Entire Contract**
(a) This Guarantee together with all endorsements, if any, attached hereto by the Company is the entire Guarantee and contract between the Assured and the Company. In interpreting any provision of this Guarantee, this Guarantee shall be construed as a whole.
(b) Any claim of loss or damage, whether or not based on negligence, or any action asserting such claim, shall be restricted to this Guarantee.
(c) No amendment of or endorsement to this Guarantee can be made except by a writing endorsed hereon or attached hereto signed by either the President, a Vice President, the Secretary, an Assistant Secretary, or validating officer or authorized signatory of the Company.

15. **Notices, Where Sent**

All notices required to be given the Company and any statement in writing required to be furnished the Company shall include the number of this Guarantee and shall be addressed to the Company at:

Chicago Title Insurance Company
National Claims Administration
P.O. Box 45023
Jacksonville, Florida 32232-5023

# Chicago Title Insurance Company
Trustee Sale Guarantee

### SCHEDULE A

**Customer No:** CA-08-131508-CH
**Order No:** 1590817
**Liability:** $425,999.99
**Fee:** $745.00
**Dated:** February 26, 2008 @ 7:59 a.m.

1. **Name of Assured:**

   Quality Loan Service Corporation, as Trustee and

   Midland Mortgage Co., as Beneficiary

2. **The estate or interest in the land hereinafter described or referred to covered by this guarantee is:**

   Fee

3. **Title to said estate or interest at the date hereof is vested in:**

   Bruce W. Orman, an unmarried man

4. **The land referred to in this Guarantee is situated in the State of California, County of San Diego, and is described as follows:**

   Lot 4 of Chula Vista Tract No. 97-02, Mc Millin Otay Ranch Spa I, Phase 1, Unit 5, in the City of Chula Vista, County of San Diego, State of California, according to Map thereof No. 13710, filed in the Office of the County Recorder of San Diego County, December 18, 1998.

Order No:     1590817                                                      1

Customer No:  CA-08-131508-CH

# Chicago Title Insurance Company
## Trustee Sale Guarantee

### SCHEDULE B

1. **Property taxes**, including any personal property taxes and any assessments collected with taxes, for the fiscal year 2007-2008, Assessor's Parcel Number 642-510-04.

    | | |
    |---|---|
    | 1st Installment: | $3,112.19 Paid |
    | Penalty | $311.21   Paid |
    | 2nd Installment: | $3,112.19 Not Paid – Due 04/10/2008 |
    | Penalty | $321.21   Not Paid |
    | Exemption: | $7,000.00 HOMEOWNERS |

2. **Any rights liens and/or encumbrances** including but not limited to Easements Covenants Conditions Restrictions Agreements Royalties Mineral interests or Leasehold Interests of Mineral Rights (excluding however security instrument interests monetary liens and/or encumbrances made in good faith and for value) that may be shown by the public records as having been recorded prior to the recording date of the "Foreclosing Deed of Trust".

3. **Any Assessments or Liens** payable to the Owners' Association pursuant to declarations of record.

4. **Any Bankruptcy that is not disclosed** by the Acts that would afford notice as to said land, pursuant to Title II U.S.C. (C) of the Bankruptcy Reform Act of 1978, as amended.

5. **A Deed of Trust** to secure an indebtedness in the amount shown below, and any other obligations secured thereby described as:

    | | |
    |---|---|
    | Amount: | $425,000.00 |
    | Dated: | November 16, 2005 |
    | Trustor: | Bruce W. Orman, an unmarried man |
    | Trustee: | DSL Service Company, a California Corporation |
    | Beneficiary: | Mortgage Electronic Registration Systems, Inc. |
    | Lender: | Downey Savings and Loan Association, F.A. |
    | Recorded: | November 28, 2005, as Instrument No. 2005-1022711, of Official Records |

    Said Deed of Trust may be referred to herein as the "Foreclosing Deed of Trust."

    An assignment of the beneficial interest under said Deed of Trust which names:

    | | |
    |---|---|
    | Assignor: | Downey Savings and Loan Association, F.A. |
    | Assignee: | Mortgage Electronic Registration Systems, Inc. |
    | Recorded: | October 9, 2007, as Instrument No. 2007-0650974, of Official Records |

    A Notice of Default under the terms of said Deed of Trust described as:

    | | |
    |---|---|
    | Executed by: | Quality Loan Service Corp. |
    | Recorded: | February 19, 2008, as Instrument No. 2008-0082812, of Official Records |

NOTE: NO ASSIGNMENT TO MIDLAND MORTGAGE COMPANY FOUND OF RECORD. RECORD PROPERLY EXECUTED ASSIGNMENT FROM MORTGAGE ELECTRONIC SYSTEMS, INC. TO MIDLAND MORTGAGE COMPANY.

NOTE: THE TRUSTEE OF RECORD IS NOT THE TRUSTEE THAT EXECUTED THE NOTICE OF DEFAULT. RECORD PROPERLY EXECUTED SUBSTITUTION OF TRUSTEE NAMING QUALITY LOAN SERVICE CORPORATION AS THE SUCCESSOR TRUSTEE.

Order No:     1590817

Customer No:  CA-08-131508-CH

1

Chicago Title Insurance Company

Trustee Sale Guarantee

**SCHEDULE B**

6. **A Deed of Trust** to secure an indebtedness in the amount shown below, and any other obligations secured thereby described as:

   | | |
   |---|---|
   | Amount: | $60,000.00 |
   | Dated: | December 3, 2005 |
   | Trustor: | Bruce W. Orman |
   | Trustee: | Ticor Title NLS |
   | Beneficiary: | Washington Mutual Bank, FA |
   | Recorded: | December 8, 2005, as Instrument No. 2005-1055321, of Official Records |

7. **The effect of a** Grant Deed dated January 20, 206 executed by Bruce W. Orman to Bruce W. Orman and Elizabeth D. Orman, husband and wife, as joint tenants recorded January 20, 2006 as Instrument No. 2006-0047447 of Official Records.

8. **The effect of a** Quitclaim Deed dated January 31, 2008 executed by Elizabeth D. Orman to Bruce Orman, as his sole and separate property recorded February 1, 2008 as Instrument No. 2008-0052881 of Official Records.

9. **A Notice of lien** for Fine and/or Restitution for the amount shown and any other amounts due

   | | |
   |---|---|
   | Amount: | $25,100.00 |
   | Claimant: | Assistant U.S. Attorney |
   | Recorded: | January 2, 2008, as Instrument No. 2008-0001456, of Official Records |

10. **The latest tax bill** from the San Diego County Tax Collector shows the situs address of said lands as 1149 Thistlewood Av Chula Vista CA 91913 and the Parcel No. 642-510-04.

Order No:     1590817

Customer No:  CA-08-131508-CH

1

**SCHEDULE C**
INFORMATION FOR TRUSTEE
(Continued)

**Relative to the Deed of Trust Shown as Item 5 of this Guarantee:**

1. Trustee must observe the requirements of Section 2924(b) of the Civil Code as to the notices to be sent to the Trustors. If addresses of the trustors are not shown in said Trust Deed, this code section states the procedure to be followed as to notice in such cases. Names of trustors and addresses (if any) shown in said Deed of Trust:

   Bruce W Orman
   1149 Thistlewood Avenue
   Chula Vista, California 91913

2. The names and addresses of persons who have recorded requests, as provided by Section 2924b (a) and (d) of the Civil Code, for a copy of Notice of Default and for a copy of Notice of Sale are:

   None

3. The names and addresses of additional persons who, as provided by Section 2924b(c) (1) and (2) of the Civil Code, and as provided for under Federal Law, are entitled to receive a copy of Notice of Default and/or a copy of Notice of Sale are:

   Washington Mutual Bank FA
   2273 N Green Valley Parkway Suite #14
   Henderson, NV 89014
   (Re: Item 6)

   Washington Mutual Bank
   attn: Ticor Title NLS
   250 Commerce 2nd Floor
   Irvine, CA 92602
   (Re: Item 6)

   Elizabeth D Orman
   1149 Thistle Wood
   Chula Vista, CA 91913
   (Re: Items 7 and 8)

   Bruce Orman
   1149 Thistle Wood
   Chula Vista, CA 91913
   (Re: Current Trustor)

   CONTINUED
   Order No:    1590817
   Customer No:   CA-08-131508-CH

   1

**SCHEDULE C**
INFORMATION FOR TRUSTEE
(Continued)

United States
c/o Assistant US Attorney
attn: Jacqueline M Hotz
211 W Fort Street Suite 2001
Detroit, MI 48226
(Re: Item 9)

4. The names and addresses of state taxing agencies which, as provided by Section 2924b(c) (3) of the Civil Code, are entitled to receive a copy of Notice of Sale are:

   None

5. The names of persons and addresses disclosed by the records examined, other than those to whom notice is required by Section 2924(b) of the Civil Code to be directed, who might be interested in receiving a copy of Notice of Default and/or a copy of Notice of Sale are:

   None

6. The addresses of the Internal Revenue Service which, as provided by Section 2924b (c) (4) of the California Civil Code, are entitled to receive a copy of the Notice of Sale are:

   None

7. City in which said land is located: Chula Vista

   If not a city, Judicial District in which said land is located:

   Publication:     Star News
   Published:       Thursday and Sunday

Order No:     1590817

Customer No:  CA-08-131508-CH

1

# Chicago Title Insurance Company
Trustee Sale Guarantee

**SCHEDULE C**
INFORMATION FOR TRUSTEE
(Continued)

Attention is called to the Servicemembers Civil Relief Act (Public Law 108-189, 50 USC Appx. Sections 501 et seq.) and any amendments thereto and the Military Reservist Relief Act of 1991 (California Military and Veterans Code Sections 800 et seq.) and any amendments thereto, each of which contain restrictions against the sale of land under a Deed of Trust if the owner is entitled to the benefits of said Acts.

Attention is called to the Federal Tax Lien Act of 1966 (Public Law 89-719, 26 USC Sections 6321 et seq.) and any amendments thereto, which, among other things, provides for the giving of written Notice of Sale in a specified manner to the Secretary of the Treasury or his or her delegate as a requirement for the discharge or divestment of a Federal Tax Lien in a non-judicial sale, and establishes with respect to that a lien a right in the United States to redeem the property within a period of 120 days from the date of any such sale.

Attention is called to Section 2934(a) of the Civil Code concerning substitution of trustee requiring that, when substitution is being effected under the provisions of that Section, notice be sent in accordance with the requirements of Section 2924(b) of the Civil Code.

Attention is called to Section 2924b (c) (3) of the Civil Code, which, among other things, provides for the giving of written Notice of Sale to the office of any state taxing agency, Sacramento, California, which has recorded a Notice of Tax Lien.

Attention is called to the possible invalidity of any trustee's sale if consent has not been obtained from the Federal Deposit Insurance Corporation, in its capacity as receiver and/or conservator of a federally insured lender if it is the record owner of the real property or holds an interest junior in priority to the deed of trust that is the subject of this guarantee.

Order No:     1590817

Customer No:  CA-08-131508-CH

1



Order: I590817  Doc: SD:A 642-51

Public Record
Page 1 of 1

Created By: alexr  Printed: 02/06/2008 01:17:15 PM EST

**EXHIBIT "B"**

**First American Residential Value View**

# Broker Price Opinion

## ORDER INFORMATION

| INSPECTION DATE | CLIENT | ORDERED FOR | FARVV ORDER | LOAN NO |
|---|---|---|---|---|
| 5/7/2008 | Midland Mortgage Co.   544 | Brooke Bergdall | 3161823 | 51400628 |

| MORTGAGEE | ADDRESS | CITY | ST | ZIP |
|---|---|---|---|---|
| BRUCE W ORMAN | 1149 THISTLEWOOD AVE | CHULA VISTA | CA | 91913 |

| SERVICE PROVIDED | BROKER NAME/PHONE |
|---|---|
| Exterior | |

**DISCLOSURE**
This is a comparative market analysis, and not an appraisal. This report is not intended to be, nor should be, relied upon as a complete appraisal of value. This analysis has not been completed by a licensed appraiser, nor has it been performed in accordance with the Uniform Standards of Professional Appraisal Practice. First American Residential Value View has provided this opinion of value as one tool that may be used, along with other data, in the analysis of this property.

## PROPERTY INFORMATION

| NO. UNITS | TYPE | STYLE | LOT ACRES | GLA SQ FT | ROOMS | BR/BA | BSMT | GARAGE CARPORT | AGE YRS | VIEW | POOL/SPA |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | SFD | 2-St Conv | 0.1 | 1,640 | 5 | 2  2.5 | No | 2 CAR Gar Att | 8 | typical | no |

| CURRENTLY LISTED | LISTED IN LAST 12 MOS | LIST PRICE (IF LISTED) | LIST COMPANY (IF LISTED) | LIST COMPANY PHONE (IF LISTED) | DOM |
|---|---|---|---|---|---|
| No | No | $ | | | |

| TRANSFERRED OWNERSHIP IN LAST 12 MOS | SALE DATE (IF SOLD LAST 12 MOS) | SALE PRICE (IF SOLD LAST 12 MOS) | MARKET RENT (MONTHLY) | Previous List Price |
|---|---|---|---|---|
| No | | $ | $ 1,700 | $ |

| VACANT | SECURED (IF VACANT) | CONDO/PUD | HOA FEES | OWNER OCCUPIED | DEVELOPMENT NAME |
|---|---|---|---|---|---|
| Occupied By Unkr | | No | $  PER | % | |

| CURB APPEAL | PROPERTY MAINTENANCE | LANDSCAPE & LAWN | CONFORMITY TO NEIGHBORHOOD | CONDITION |
|---|---|---|---|---|
| Average | Average | Average | Good | Good |

| GUEST HOUSE | GUEST HOUSE SQ FT | GUEST BSMT SQ FT | LAND VALUE |
|---|---|---|---|
| No | | | $ 164,873 |

## NEIGHBORHOOD INFORMATION

| HOMES IN AREA ARE | HOMES IN DIRECT COMPETITION | PRICE RANGE | SUPPLY/DEMAND | ENVIRONMENTAL ISSUES |
|---|---|---|---|---|
| Similar | 63 | $ 325,000 TO $ 750,000 | Decreasing | No |

| LOCATION | CRIME | NEIGHBORHOOD TREND | HOMES IN THIS MARKET ARE |
|---|---|---|---|
| Suburban | Low | Stable | Depreciating AT A RATE OF 1 % PER MONTH |

## COMPARABLE SALES

| ADDRESS | PROX MILES | GLA SQ FT | BR/BA | COND | POOL/VIEW | TYPE/STYLE | LOT SIZE | BSMT | GARAGE CARPORT | AGE | SALE DATE | DOM | LIST PRICE | SALE PRICE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1981 GEYSERVILLE ST | 0.65 | 1,811 | 4  2.5 | Good | no typical | SFD 2-St Conv | 0.1 | No | 2 CAR Gar Att | 8 | 4/22/2008 | 6 | $324,900 | $345,000 |
| 1324 BATTLE CREEK RD | 0.25 | 1,643 | 3  2.5 | Good | no typical | SFD 2-St Conv | 0.1 | No | 2 CAR Gar Att | 6 | 4/29/2008 | 216 | $525,000 | $357,000 |
| 1922 PARKER | 0.55 | 1,811 | 4  2.5 | Good | no typical | SFD 2-St Conv | 0.1 | No | 2 CAR Gar Att | 4 | 4/3/2008 | 16 | $354,900 | $360,000 |

**COMP 1 COMMENTS** Superior - Larger GLA. REo. Travertine Flooring on first floor    MLS 081015945

**COMP 2 COMMENTS** Equal -Similar GLA and room count. shortsale.    MLS 076076842

**COMP 3 COMMENTS** Superior - Larger GLA. REO. upgraded granite countertops, travertine tile    MLS 088009893

## COMPARABLE LISTINGS

| ADDRESS | PROX MILES | GLA SQ FT | BR/BA | COND | POOL/VIEW | TYPE/STYLE | LOT SIZE | BSMT | GARAGE CARPORT | AGE | LIST DATE | DOM | ORIG LIST | CURR LIST |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1972 GEYSERVILLE ST | 0.64 | 1,556 | 3  2.5 | Good | no typical | SFD 2-St Conv | 0.1 | No | 2 CAR Gar Att | 5 | 11/23/2008 | 169 | $359,900 | $349,500 |
| 1302 JAMESTOWN DR | 0.56 | 1,718 | 3  2.5 | Good | no typical | SFD 2-St Conv | 0.1 | No | 2 CAR Gar Att | 4 | 4/22/2008 | 18 | $349,950 | $349,950 |
| 1824 SEBASTOPOL ST | 0.28 | 1,649 | 4  2.5 | Good | no typical | SFD 2-St Conv | 0.1 | No | 2 CAR Gar Att | 5 | 9/26/2008 | 207 | $420,000 | $350,000 |

**COMP 1 COMMENTS** Inferior-Smaller GLA. shortsale.    MLS 071090570

**COMP 2 COMMENTS** Superior - Larger GLA. shortsale.    MLS 086030562

**COMP 3 COMMENTS** Equal -Similar GLA and room count.shortsale.    MLS 078076820

## INTERIOR INFORMATION

| GAINED INTERIOR ACCESS | VERIFIED ROOM CT & SQ FT | INTERIOR CONDITION |
|---|---|---|
| | | |

## PRICE OPINION & COMMENTS

**POSITIVE/NEGATIVE FEATURES**
Subject located in a newer neighborhood close to area schools, shopping and new toll freeway.

**RECOMMENDED REPAIRS/IMPROVEMENTS**    REPAIR EST  $ 0

| NORMAL MARKET (DAYS) | | 30-DAY QUICK SALE | AS-IS LOW VALUE | AS-IS HIGH VALUE | AS-IS FINAL VALUE | AS-IS LIST |
|---|---|---|---|---|---|---|
| 123 | AS-IS | $ 345,000 | $ 345,000 | $ 355,000 | $ 350,000 | $ 355,000 |
| | AS-REPAIRED | | AS-REPAIRED LOW VALUE $ 345,000 | AS-REPAIRED HIGH-VALUE $ 355,000 | FOV AS REPAIRED $ 350,000 | AS-REPAIRED LIST $ 355,000 |

**COMMENTS/ADDENDUM**
**See Addendum**

**QUALITY REVIEW REMARKS**
QC: Subject Information matches with the RealQuest.

BPO3S3L    FARVV    COPYRIGHT 2002  ALL RIGHTS RESERVED  REV 2003-07


**First American**
*Residential Value View*

**Photos**

| ACCOUNT NUMBER | TRACKING NUMBER | FARVV ORDER NO. |
|---|---|---|
| 51400628 | | 3161823 |
| NAME | ADDRESS | CITY, STATE, ZIP |
| BRUCE W ORMAN | 1149 THISTLEWOOD AVE | CHULA VISTA, CA 91913 |
| PHOTOS COMMENT | | |

Subject Front



Subject Front



Subject House Number



Account #: 51400628    Tracking #:

**First American**
*Residential Value View*

**Photos**

| ACCOUNT NUMBER | TRACKING NUMBER | FARVV ORDER NO. |
|---|---|---|
| 51400628 | | 3161823 |
| NAME | ADDRESS | CITY, STATE, ZIP |
| BRUCE W ORMAN | 1149 THISTLEWOOD AVE | CHULA VISTA, CA 91913 |
| PHOTOS COMMENT | | |

Street View



Account #: 51400628    Tracking #:

**SourceNet** — First American Residential Value View

Map

| ACCOUNT NUMBER | TRACKING NUMBER | | FARVV ORDER NO. |
|---|---|---|---|
| 51400628 | | | 3161823 |
| NAME | ADDRESS | CITY, STATE, ZIP | |
| BRUCE W ORMAN | 1149 THISTLEWOOD AVE | CHULA VISTA, CA 91913 | |



Map Scale: 1 Inch = 0.14 Miles

**⌐ Subject Property**
1149 THISTLEWOOD AVE
CHULA VISTA, CA 91913

**❶ Comp. Listing 1**
1972 GEYSERVILLE ST
CHULA VISTA, CA 91913
Dist From Subject: 0.64 Miles

**❷ Comp. Listing 2**
1302 JAMESTOWN DR
CHULA VISTA, CA 91913
Dist From Subject: 0.56 Miles

**❸ Comp. Listing 3**
1824 SEBASTOPOL ST
CHULA VISTA, CA 91913
Dist From Subject: 0.28 Miles

**❶ Closed Sale 1**
1981 GEYSERVILLE ST
CHULA VISTA, CA 91913
Dist From Subject: 0.65 Miles

**❷ Closed Sale 2**
1324 BATTLE CREEK RD
CHULA VISTA, CA 91913
Dist From Subject: 0.25 Miles

**❸ Closed Sale 3**
1922 PARKER MOUNTAIN RD
CHULA VISTA, CA 91913
Dist From Subject: 0.55 Miles