NUNC PRO TUNC

JUN 1 1 2008

FILED

2008 JUN 13 PM 1:56

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____KNH_____DEPUTY

Bruce W. Orman, Pro Se
1149 Thistlewood Avenue
Chula Vista, CA 91913
(619) 961-7875

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE W. ORMAN,<br><br>       Plaintiff,<br><br>   vs.<br><br>DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.; MIDLAND MORTGAGE CO., AND QUALITY LOAN SERVICE CORP.,<br><br>       Defendants. | Case No.: 08CV0943 DMS (NLS)<br><br>**EX PARTE EMERGENCY MOTION FOR EXTENSION OF TIME TO POST BOND TO STAY FORECLOSURE SALE** |

   Plaintiff, BRUCE ORMAN, Pro Se, files this emergency Motion for extension of time to post bond to stay foreclosure sale and as grounds therefore would state as follows:

   1. On June 9, 2008 this Honorable Court entered an Order Granting Motion for Preliminary Injunction subject to posting a bond by June 11, 2008 at 12:30 p.m. based upon the stipulation of the parties.

   2. Plaintiff has diligently sought out a bond or bonding company to post said bond. However, the companies who post said bonds have advised Plaintiff that they would only agree to post such a bond if Plaintiff was represented by counsel. Said bonding agencies further advised that this type of a bond is not

Bruce W. Orman - Emergency Motion for Extension of Time to Post Bond, 6-10-2008. - 1

done for Pro Se litigants and that they know of no other companies or firms that would write such a bond for a Pro Se litigant and that all such firms require representation by counsel as a condition of writing such bond.

    3. At the time Plaintiff stipulated to the bond provision, he was not aware that he would be treated in a disparate manner, different from litigants represented by counsel, which is patently unfair.

    4. Plaintiff has diligently sought to post a bond in good faith, but is prevented from doing so through no fault of his own, and is unable to comply with the posting requirement by the June 11, 2008, 12:30 p.m. deadline as set forth in the Court's Order of June 9, 2008.

    5. Plaintiff requests that he be given additional time to secure a bond, or alternatively, that he be allowed to make a good faith deposit with the Court against the bond until he can secure same, or that the Court delay the scheduled foreclosure sale until alternate arrangements can be made.

    6. Defendant will not be unduly prejudiced by being required to reschedule the foreclosure sale date for a later date and time in order to give Plaintiff a good faith opportunity to comply with the bond requirement or make other arrangements.

    7. Other grounds to be argued ore tenus.

    WHEREFORE, Plaintiff respectfully prays that this Honorable Court grant Plaintiff's request for an extension of time to post the bond or alternatively to make a good faith deposit with the Court until such a bond can be secured, or until other alternative arrangements can be made, and that the Court grant

such other and further relief as the Court deems equitable, appropriate and just.

**CERFIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Matthew E. Podmenik, Esquire, Attorney for Defendant Midland Mortgage Co. at this 11th day of June, 2008.

*/s/ Bruce W. Orman*
Bruce W. Orman, Plaintiff Pro Se
1149 Thistlewood Avenue
Chula Vista, CA  91913
Phone (619) 961-7875