**McCARTHY & HOLTHUS, LLP**
Daniel J. Goulding, Esq. (SBN: 120561)
Matthew Podmenik, Esq. (SBN: 219364)
David C. Scott, Esq. (SBN: 225893)
1770 Fourth Avenue
San Diego, CA 92101
 Telephone:    (619) 243-3964
 Facsimile:    (619) 685-4811
Attorneys for Defendant,
Midland Mortgage Co.

UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| Bruce W. Orman, | Case No. 08CV0943JNLS |
|---|---|
| Plaintiff, | |
| v. | **MIDLAND MORTGAGE CO.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Downey Savings and Loan Association et al., | |
| Defendants. | |

Defendant, Midland Mortgage Co. ("Midland") by and through there attorneys of record, the law firm of McCarthy and Holthus, LLP answers plaintiff's complaint as follows:

1.   In answering this paragraph, Midland responds that it does not have sufficient information to admit or deny the allegations and on that basis denies them, as the allegations are legal conclusions.

2.   In answering this paragraph, Midland responds that it does not have sufficient information to admit or deny the allegations and on that basis denies them, as the allegations are legal conclusions.

3.   In answering this paragraph, Midland responds that it does not have sufficient information to admit or deny the allegations and on that basis denies them.

4.   In answering this paragraph, Midland responds that it does not have sufficient information to admit or deny the allegations and on that basis denies them, as the allegations are legal conclusions.

5.   Midland admits the allegations of this paragraph.

6.   Midland admits the allegations of this paragraph.

7. In answering this paragraph, Midland denies the allegations of this paragraph as it services the instant loan and is not the original lender nor the successor beneficiary of the deed of trust.

8. In answering this paragraph, Midland denies that a credit transaction was entered into on November 28, 2005. Rather, it was entered into on November 17, 2005 and was not entered into with Midland nor were the initial payments payable to Midland.

9. In answering this paragraph, Midland denies that anything was attached as Exhibit "A" to the complaint.

10. Midland admits that Plaintiff executed a Deed of Trust to the property to secure repayment of the promissory note he executed on November 17, 2005. Midland denies that it has a security interest in the property.

11. Midland admits the allegations of this paragraph.

12. In answering this paragraph, Midland denies that anything was attached as Exhibit "B" to the complaint.

13. Midland admits the allegations of this paragraph In answering this paragraph, Midland responds that it does not have sufficient information to admit or deny the allegations and on that basis denies them.

14. Midland denies all of allegations of this paragraph.

15. Midland denies all of allegations of this paragraph.

16. Midland denies all of allegations of this paragraph.

17. Midland denies all of allegations of this paragraph.

18. Midland denies all of allegations of this paragraph.

19. Midland denies all of allegations of this paragraph.

20. Midland denies all of allegations of this paragraph.

21. Midland admits that it has not returned _money or property to Plaintiff but denies that it is required to do so.

22. Midland denies all of allegations of this paragraph.

## *AFFIRMATIVE DEFENSES*

Midland is informed and believes and based on such information and belief alleges the following separate and distinct affirmative defenses to its answer to Plaintiff's Complaint:

///

///

1. LACK OF JUSTIFIABLE RELIANCE

As a separate and distinct affirmative defense, this answering Defendant alleges that Plaintiff did not rely upon any representations of Midland and even if Plaintiff had relied upon the representations he did not justifiably rely upon them.

2. STATUTE OF LIMITATIONS

As a separate and distinct affirmative defense, Midland alleges that the applicable statute of limitations act as a bar to the applicable cause(s) of action.

3. STANDING

As a separate and distinct affirmative defense, Midland alleges that the Plaintiff does not have standing to bring the causes of action alleged in the Complaint.

4. FAILURE TO STATE A CAUSE OF ACTION

As a separate and distinct affirmative defense, Midland alleges that Plaintiff has failed to state facts sufficient to state a cause of action against Midland.

5. PROPER CONDUCT

As a separate and distinct affirmative defense, Midland alleges that all acts and transactions alleged by Plaintiff were legally, equitably, and factually justified under the circumstances then prevailing.

6. LACHES

As a separate and distinct affirmative defense, Midland alleges that each cause of action contained in the Complaint is barred by the doctrine of laches.

7. ESTOPPEL

As a separate and distinct affirmative defense, MIDLAND alleges that Plaintiffs are estopped from asserting any cause of action against Midland.

8. WAIVER

As a separate and distinct affirmative defense, Midland alleges that Plaintiff is barred from recovery by the doctrine of waiver.

9. UNCLEAN HANDS

As a separate and distinct affirmative defense, Midland alleges that Plaintiff is barred from recovery by the doctrine of unclean hands.

10. MITIGATION OF DAMAGES

As a separate and distinct affirmative defense, Midland alleges that Plaintiff has failed to mitigate his damages, if any.

11. ADDITIONAL DEFENSES

As a separate and distinct affirmative defense, Midland alleges that because the Complaint is couched in conclusionary terms, Midland presently has insufficient knowledge or information upon which to form a belief as to additional and as yet unstated affirmative defenses.

### **PRAYER**

Midland prays for judgment herein as follows:

1. That Plaintiffs take nothing by way of his Complaint on file herein;
2. That the Complaint be dismissed with prejudice;
3. For costs of suit incurred herein, including attorneys' fees; and
4. For such other and further relief as the court deems just and proper.

Date: July 1, 2008

Respectfully Submitted
McCarthy and Holthus, LLP

By: /s/ Daniel Goulding
Daniel Goulding, Esq.
Attorney for Midland Mortgage Co.

# DECLARATION OF SERVICE

I, Tracie Kobayashi, declare:

I am a citizen of the United States and I am employed in the County of San Diego, State of California; I am over the age of 18 years and not a party to this action; my business address is 1770 Fourth Avenue, San Diego, California 92101.

I further declare that I am readily familiar with the business practice of McCarthy & Holthus, LLP for service of documents, that documents served by facsimile are transmitted in and the original deposited with the United States Postal Service in our ordinary course of business on the same day, the documents served by mail are deposited with the United States Postal Service in the ordinary course of business the same day and that documents served personally are delivered the same day.

On July 11, 2008, I served the following document(s):
**MIDLAND MORTGAGE CO.'S ANSWER TO PLAINTIFF'S COMPLAINT**

;

Bruce W. Orman
1149 Thistlewood Ave.
Chula Vista, CA 91913

in the following manner of service (check appropriate):

____XX____   **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on a motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one date after date of deposit for mailing in affidavit.

_____   **BY FACSIMILE:** I transmitted all documents to all parties in this action by facsimile at the telephone number(s) indicated above and thereafter placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at the Law Offices of McCarthy & Holthus, LLP, San Diego, California.

1     _____ **BY AIRBORNE EXPRESS:** I caused such documents to be delivered by Airborne Express to the offices of the addressee(s)

    _____ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the addressee(s) above.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on July 11, 2008 at San Diego, California.

                                        By: \_\_/s/ Tracie Kobayashi\_\_
                                                     Tracie Kobayashi

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1700 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4810